LABOR COMMISSIONER — "MINIMUM WAGES ON PUBLIC WORKS ACT" — INSTALLATION OF EQUIPMENT Under 40 O.S. 196.1 [40-196.1], et seq. (1971) (Minimum Wages on Public Works Act), radiology equipment installed in a public works building which constitutes an integral part of the construction of the building is governed by the provisions of the Act. In each instance, the Commissioner of Labor must review the surrounding circumstances in order to determine if the installation involved falls within the purview of the Act and is thus subject to the applicable minimum wage. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Does the installation of radiology equipment in a publicly owned hospital fall within the definition of "construction" found in 40 O.S. 196.2 [40-196.2](1) (1971), of the Minimum Wages on Public Works Act? You then set out the following factual situation: In January of 1974, a certain publicly owned hospital entered into a contract with a construction company for the construction of certain hospital facilities. This contract included the completion of certain radiology rooms with electrical connections but did not include the supply or installation of any radiology equipment. In April of 1976 the hospital accepted these rooms for its use from the contractor. By a Purchase Order dated in November of 1974 the hospital purchased certain radiology equipment from a supplier. One of the terms of the agreement between the hospital and the supplier was that the equipment was to be delivered, installed and guaranteed by the supplier. The installation of the radiology equipment does not require the construction of any new facilities or the alteration of any existing facilities. The equipment is wired into existing electrical connections installed by the construction contractor. The applicable statutes are found in the Minimum Wages on Public Works Act (40 O.S. 196.1 [40-196.1] through 196.12 (1971)). 40 O.S. 196.1 [40-196.1] provides as follows: "It is hereby declared to be the policy of the State of Oklahoma that a wage of no less than the prevailing hourly rate of wages for work of similar character in the locality in which the work is performed shall be paid to all workmen employed by or on behalf of any public body engaged in public works exclusive of maintenance work." 40 O.S. 196.2 [40-196.2](1) provides as follows: "`Construction' includes construction, reconstruction, improvement, enlargement, alteration, painting and decorating, or major repairs. . . ." 40 O.S. 196.2 [40-196.2] (5) provides as follows: "(5) 'Maintenance work' means the repair, but not the replacement, of existing facilities when the size, type, or extent of the existing facilities is not thereby changed or increased. . ." 40 O.S. 196.2 [40-196.2](7) provides as follows: "(7) 'Public Works' means all fixed works constructed for public use except works constructed by or for any public utility company or any drainage or conservation district, whether or not done under public supervision or direction or paid for wholly or in part out of public funds. . . ." 40 O.S. 196.3A [40-196.3A] provides in part as follows: "40 O.S. 196.3A [40-196.3A]. Not less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed, and not less than the prevailing hourly rate of wages for legal holiday and overtime work, shall be paid to all workmen employed by or on behalf of any public body engaged in the construction of public works, exclusive of maintenance work. . . ." The determinative issue is whether or not the equipment is part of the public works being constructed by the public body and not whether or not the equipment is being installed by a contractor independent from the general contractor. In the factual situation you have described, the question is whether or not the equipment being installed is an integral part of the construction of the building, thus making the workmen installing the equipment employed under the provisions of the Act. As will be noted in 40 O.S. 196.3A [40-196.3A], supra, all workmen employed in public works will be paid under the provisions of the Act, except those engaged in the maintenance work. In order to determine whether or not the installation of the radiology equipment would be subject to the provisions of the Act, an examination of the circumstances surrounding the installation of the equipment is necessary to determine if the installation of the equipment is an integral part of the construction of a public works project. Such a situation requires a factual determination and, as such, cannot be determined by this office. This determination must be made by the Commissioner of Labor under the authority granted him by the provisions of the Act. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Under 40 O.S. 196.1 [40-196.1], et seq. (1971) (Minimum Wages on Public Works Act), radiology equipment installed in a public works building which constitutes an integral part of the construction of the building is governed by the provisions of the Act. In each instance, the Commissioner of Labor must review the surrounding circumstances in order to determine if the installation involved falls within the purview of the Act and is thus subject to the applicable minimum wage. (JAMES C. PECK) (ksg)